IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | |
| BYJU'S ALPHA, INC., | Chapter 11 |
| Debtor. | Case No. 24-10140 (BLS) |
| BYJU'S ALPHA, INC., | Adv. Pro. Case No. 25-50526 (BLS) |
| Plaintiffs, | |
| v. | |
| BYJU RAVEENDRAN, DIVYA GOKULNATH, and ANITA KISHORE, | |
| Defendants. | |

**DEFENDANT BYJU RAVEENDRAN'S MOTION
FOR LEAVE TO APPEAL ORDER DENYING MOTION TO DISMISS**

**O'KELLY & O'ROURKE, LLC**

Daniel P. Hagelberg, Esq. (No. 6813)
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
(302) 778-4000
dhagelberg@okorlaw.com

**DRAPER & DRAPER LLC**

Matthew E. Draper (*pro hac vice*)
100 Park Avenue, Suite 1600
New York, New York 10017
(347) 442-7788
matthew.draper@draperllc.com

*Counsel for Defendant Byju Raveendran*

1

Pursuant to 28 U.S.C. §158(a)(3) and in accordance with Rule 8004 of the Federal Rules of Bankruptcy Procedure, Appellant Byju Raveendran hereby files his motion for leave to appeal the (i) *Opinion Denying The Motion To Dismiss Filed By Defendants Byju Raveendran and Divya Gokulnath* [Adv. D.I. 140] entered on November 20, 2025, (the "Opinion," attached hereto as **Exhibit A**), and (ii) the accompanying *Order* [Adv. D.I. 141] entered November 20, 2025 (the "Order," attached hereto as **Exhibit B**).

## FACTS NECESSARY FOR THE QUESTION PRESENTED

### I. Byju Raveendran

Byju Raveendran is an Indian entrepreneur and educator who founded BYJU'S, one of the world's most successful edtech companies. In 2011, Byju Raveendran co-founded Think and Learn Pvt Ltd ("T&L") in Bangalore, India. The company initially focused on offline classes before pivoting to online education in 2015 with the launch of their mobile app, "BYJU'S - The Learning App". Mr. Raveendran has since become one of India's best known entrepreneurs. In 2020, Ernst & Young named Mr. Raveendran Entrepreneur of the Year for Business Transformation. In 2021, BYJU's was named one of the Time100 Most Influential Companies. BYJU's users doubled during the COVID-19 pandemic, generating a company valued at $15 billion in early 2021. By late 2021, BYJUS's received an offer for a special purpose acquisition company listing that valued BYJU's at $48 billion. At the time, BYJU's had approximately 175 million customers worldwide. *Id*.

### II. Mr. Raveendran Was a Board Member of T&L, the Ultimate Indian Corporate Parent of Debtor

Mr. Raveendran served as a member of the board of T&L along with four other board members. Other board members included Defendant Divya Gokulnath, Riju Ravindran and three outside directors appointed by investors in T&L. The board could not take action without at least

one outside director being present. T&L observed corporate formalities and adhered to the voting structure required by its bylaws.

### III.   Relevant Corporate Entitles

T&L is the parent company incorporated in India on November 30, 2011, headquartered in Bengaluru, Karnataka. This is the ultimate parent company of the Byju's business.

Byju's Pte. Ltd. is a Singapore subsidiary of T&L incorporated on January 14, 2020 ("Byju's Singapore"). It is located at 11 Collyer Quay, #17-00, The Arcade, Singapore. Byju's Singapore has two directors, Melanie Lee Jin Yen and Riju Ravindran. Byju's Pte. Ltd is audited as a group of companies to include its subsidiaries, including Debtor. Byju Raveendran and Divya Gokulnath have never been directors, officers or employees of Byju's Singapore. On November 21, 2021, Plaintiff-Intervenor Glas Trust Company LLC secured a charge against all of Byju Singapore's monies. Glas obtained this charge pursuant to the Credit Agreement. Byju's Singapore was placed into receivership after the Loan acceleration in March 2023 and before the commencement of the voluntary bankruptcy in Delaware in February 2024.

Byju's Alpha, Inc., the US subsidiary of Byju's Pte. Ltd., was established in 2021.

## QUESTIONS PRESENTED

The questions presented in this Appeal are as follows:

### QUESTION 1

Whether the Bankruptcy Court erred by holding that Mr. Raveendran was the CEO of Debtor and could be served under the Delaware Officer Consent Statute, 10 Del. C. § 3114.

### QUESTION 2

Whether the Bankruptcy Court erred by holding that Mr. Raveendran, who is neither a US resident or citizen, was properly served the Complaint and Summons in the United Arab Emirates under Rule 4(f)(2) because Plaintiffs' "substantially complied" with service under UAE

law when they sent the service documents by text message to a phone number that did not belong to Mr. Raveendran or anyone he knew.

### QUESTION 3

Whether the Bankruptcy Court erred by holding that Mr. Raveendran, a non-resident defendant, is subject to the personal jurisdiction of the Bankruptcy Court because:

1. Mr. Raveendran was one of six directors of the board of T&L, an Indian company that wholly-owned a Singapore company, with its own board and independent directors, which in turned owned Debtor,
2. In a separate adversary proceeding to which Mr. Raveendran was not a party, the former direct of Debtor testified that he had been directed to engage in a 2023 transaction by T&L, and
3. The Complaint contains only one particularized allegation of an act committed by Mr. Raveendran that is relevant under a jurisdictional contacts analysis.

### RELIEF SOUGHT

Mr. Raveendran requests that this Court consider this exceptional appeal on an interlocutory basis and reverse and/or remand the Order.

### LEAVE TO APPEAL SHOULD BE GRANTED

Pursuant to 28 U.S.C. $ 158(a)(3), this Court has jurisdiction to hear interlocutory appeals of orders of the bankruptcy court in this District on the same grounds that the Third Circuit reviews interlocutory orders of the District Courts. *See Bertoli v. D'Avella (In re Bertoli)*, 812 F.2d 136, 139 (3d Cir. 1937). "In determining whether to grant leave to appeal an interlocutory order of the Bankruptcy Court, District Courts apply the standards of 28 U.S.C. § 1292(b), which permits appeal of an order: (l) involving a controlling question of law, (2) upon which there is substantial ground for difference of opinion, and which (3) if appealed

immediately may materially advance the ultimate termination of the litigation." *Fox Sports Net West 2, LLC v. L.A. Dodgers LLC* (In re L.A. Dodgers LLC),465 B.R. 18, 29 (D. Del. 2011).

All three factors are met here.

*First*, the Bankruptcy Court's ruling involves several controlling questions of law because it involves several reversible errors of law and a "'controlling question of law' encompasses 'any order which, if erroneous, would be reversible error on final appeal."' *Stanziale v. Sun Nat'l Bank (In re Dwek)*, Civ. No. 3:09-cv-5046, 2010 WL 234938, at *2 (D.N.J. Jan. 15, 2010) (quoting Katz v. Carte Blanche Corp., 496 F.2d 747,755 (3d Cir. 1974) (*en banc*)).

*Second*, there is substantial ground for difference of opinion concerning the controlling questions of law because the Order is contrary to well-established law or involves new, previously unaccepted theories of liability that require a court to resolve novel questions of law. *See PAH Litig. Tr. v. Water Street Healthcare Partners L.P. (n re Physiotherapy Holdings, Inc.)*, Misc. No. 16-201-LPS, 2017 WL 6524524, at *6 (D. Del. Dec. 21, 2017) (substantial ground for difference of opinion where "the bankruptcy court's decision is contrary to well- established law." (quotation omitted)); *Astrazeneca AB v. Aurobindo Pharma Ltd*., No. 14-664-GMS, 2014WL7533913, at *l n.1 (D. Del. Dec.17,2014) (substantial ground for difference of opinion where issue was "a controlling (and novel) question of law").

*Third*, an immediate appeal of the Order will materially advance the ultimate termination of this litigation because a decision by this Court that the Bankruptcy Court erred would result in the dismissal of all Plaintiffs' claims against Mr. Raveendran, and likely other defendants as well.

## CONCLUSION

Wherefore, Defendant Byju Raveendran respectfully request that this Court exercise its discretion to consider the Appeal on an interlocutory basis.

| | |
|---|---|
| **Dated: December 4, 2025** | **O'KELLY & O'ROURKE, LLC** |
| | |
| | */s/ Daniel P. Hagelberg* |
| | Daniel P. Hagelberg, Esq. (No. 6813) |
| | 824 N. Market Street, Suite 1001A |
| | Wilmington, DE 19801 |
| | (302) 778-4000 |
| | dhagelberg@okorlaw.com |
| | |
| | **DRAPER & DRAPER LLC** |
| | |
| | */s/ Matthew E. Draper* |
| | Matthew E. Draper (*pro hac vice*) |
| | 100 Park Avenue, Suite 1600 |
| | New York, New York 10017 |
| | (347) 442-7788 |
| | matthew.draper@draperllc.com |
| | |
| | *Counsel for Defendant Byju Raveendran* |