# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| BYJU'S ALPHA, INC.,[1] ) | Chapter 11 |
| ) | |
| Debtor. ) | Case No. 24-10140 (BLS) |
| ) | |
| ──────────────────── ) | |
| ) | |
| BYJU'S ALPHA, INC., ) | Adv. Pro. Case No. 25-50526 (BLS) |
| Plaintiff, ) | |
| ) | Civil Action No. 25-00498 (MN) |
| v. ) | Civil Action No. 25-00500 (MN) |
| ) | |
| BYJU RAVEENDRAN, DIVYA GOKULNATH, ) | |
| and ANITA KISHORE, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' OMNIBUS OPPOSITION TO DEFENDANT BYJU RAVEENDRAN'S (I) MOTION FOR LEAVE TO APPEAL ORDER DENYING MOTION TO DISMISS AND (II) MOTION FOR LEAVE TO APPEAL ORDER DENYING MOTION TO RECONSIDER ORDER OF CONTEMPT**

Plaintiff-Debtor, BYJU's Alpha, Inc. (the "Debtor") and Plaintiff-Intervenor GLAS Trust Company LLC ("GLAS," and with the Debtor, "Plaintiffs") file this omnibus opposition to Defendant Byju Raveendran's ("Raveendran") (i) Motion for Leave to Appeal Order Denying Motion to Dismiss (Adv. D.I. 154-1), and (ii) Motion for Leave to Appeal Order Denying Motion to Reconsider Order of Contempt (Adv. D.I. 156-1) (together, the "Motions") and respectfully state as follows:

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 Case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

## **PRELIMINARY STATEMENT**[2]

1. The Court should deny Raveendran's Motions seeking leave to appeal two interlocutory orders: the order denying his motion to dismiss the complaint against him (Adv. D.I. 141) (the "MTD Order")[3] and the order denying his motion to reconsider the order of civil contempt against him for his repeated, flagrant, and continuing violation of the Bankruptcy Court's discovery orders (Adv. D.I. 142) (the "Reconsideration Order" and with the MTD Order, the "Orders"). Raveendran has utterly failed to carry his heavy burden of persuading this Court under 28 U.S.C. § 1292(b) that it should depart from the standard policy of postponing appellate review until after the entry of a final judgment. He has not identified any controlling question of law about which there is substantial ground for differences of opinion as is required for leave for an interlocutory appeal. *See* 28 U.S.C. § 1292(b). His questions presented for appeal—which are identical for both his appeal from the MTD Order and the Reconsideration Order—are entirely premised on the application of law to the specific facts of this case and with no indication of any genuine doubt as to the correct legal standard. Moreover, immediate appeal of the two Orders will not advance termination of this litigation, as is also required under section 1292(b). In order to terminate this litigation, Raveendran would need to successfully appeal the MTD Order, the Contempt Order (and he has only sought to appeal the order denying his motion to reconsider the Contempt Order), and, critically, the forthcoming order granting the Plaintiffs' motion for default (the "Forthcoming Default Order").

---

[2] Capitalized terms not defined in the Preliminary Statement have the meanings given to them below.

[3] Raveendran has filed an appeal from the original MTD Order entered on November 20, 2025. On December 8, 2025, the Bankruptcy Court amended the MTD Order to remove Raveendran's co-defendant, Divya Gokulnath, as she was not the subject of the hearing on the motion (Adv. D.I. 166). Raveendran has not filed an appeal from the amended MTD Order.

2. With respect to the Forthcoming Default Order, the Bankruptcy Court has issued an opinion (Adv. D.I. 167) granting Plaintiffs' Default Motion against Raveendran, but has not yet entered the final judgment order pending the parties' briefing regarding damages. The Forthcoming Default Order, unlike the MTD Order and the Reconsideration Order, *would* be a final order, and Plaintiffs anticipate that Raveendran will appeal that order. Judicial economy dictates that Raveendran's appeal of the Orders be consolidated with the appeal of the Forthcoming Default Order, which will undoubtedly implicate overlapping issues.

3. For these reasons and those set forth below, the Court should deny Raveendran's Motions.

## RELEVANT FACTUAL BACKGROUND

4. The Debtor commenced the underlying adversary proceeding against Defendants Byju Raveendran, Divya Gokulath, and Anita Kishore on April 9, 2025, asserting claims for breach of fiduciary duties, aiding and abetting breach of fiduciary duties, accounting, conversion, and civil conspiracy. (Adv. D.I 1 (redacted), Adv. D.I. 2 (sealed)).

5. On April 18, 2025, the Debtor filed an Emergency Motion for Limited Expedited Discovery from Raveendran (Adv. D.I. 7) (the "Discovery Motion"). The Bankruptcy Court granted the Discovery Motion over Raveendran's objection challenging service and timing of discovery (but not personal jurisdiction), finding service was proper while preserving Raveendran's later right to raise the issue on a Rule 12 motion to dismiss. On May 9, 2025, the Bankruptcy Court entered the order setting expedited discovery deadlines (Adv. D.I. 25) (the "Discovery Order").

6. Raveendran thereafter sought a 30-day extension of time to comply with the discovery deadlines on the basis that he was unable to find counsel. The Bankruptcy Court denied

the full extension request, but extended the deadlines by one week until May 30, 2025 (written response deadline) and June 6, 2025 (production deadline) and set a further status conference for June 9, 2025 (Adv. D.I. 34).  Raveendran did not comply with any of the extended deadlines.

7.   Plaintiffs filed a Motion to Hold Byju Raveendran in Contempt of Court for Failure to Comply with the Court's Orders and Request for Civil Sanctions (the "Contempt Motion") on June 17, 2025 (Adv. D.I. 45).  On June 20, 2025, the Court issued an Order to Show Cause (Adv. D.I. 47) scheduling an evidentiary hearing for June 30, 2025 (the "Show Cause Hearing").  The Order to Show Cause required Raveendran to appear in person or virtually and show cause why he should not be held in civil contempt of court for failure to comply with the Discovery Order.

8.   Raveendran did not appear at the Show Cause Hearing, but his counsel appeared and presented oral argument.  At the conclusion of the hearing, the Court granted the Contempt Motion.  The Court determined that it had personal jurisdiction over Raveendran, and that service was proper.  The Court ultimately held Raveendran in civil contempt.

9.   On July 7, 2025, the Court entered an order directing Raveendran to immediately comply with the Discovery Order, holding Raveendran in contempt, and ordering that Raveendran remit to the Clerk of Court the sum of $10,000 for each day he remains in contempt of the Discovery Order (Adv. D.I. 66) (the "Contempt Order").  Rather than purge his contempt, Raveendran filed a Motion to Reconsider Order of Contempt (Adv. D.I. 69( (the "Reconsideration Motion") on July 14, 2025.

10.   Although his response to the Complaint was due on May 9, 2025, Raveendran filed a Motion to Dismiss the Complaint (Adv. D.I. 77, 78, 79) (the "Motion to Dismiss") on July 25 and 26, 2025, arguing improper service, lack of personal jurisdiction, and failure to state valid

4

claims against him. A hearing on the Motion to Dismiss and Reconsideration Motion was held on September 9, 2025.

11.     Raveendran's contempt for his discovery obligations continued. Therefore, on August 11, 2025, Plaintiffs filed a Motion Pursuant to Federal Rule of Bankruptcy Procedure 7037 and Federal Rule of Civil Procedure 37(b)(2)(A)(vi) for Default against Defendant Byju Raveendran (Adv. D.I. 97 (sealed), Adv. D.I. 102 (redacted)) (the "Default Motion"). Raveendran filed his opposition on August 26, 2025 (Adv. D.I. 121), again arguing, among other things, the Bankruptcy Court's lack of personal jurisdiction. A hearing on the Default Motion was held on September 29, 2025.

12.     On November 20, 2025, the Bankruptcy Court issued its opinion denying the Motion to Dismiss (Adv. D.I. 140), the MTD Order, the Reconsideration Order, and an opinion granting the Default Motion (Adv. D.I. 143) ("Default Opinion"). On December 8, 2025, the Court entered an amended MTD Order, still denying Raveendran's Motion to Dismiss, and an amended Default Opinion (Adv. D.I. 167), stating that "the Court will enter a default judgment against Defendant Raveendran." Such order is pending the parties' briefing regarding the appropriate judgment amounts.

**OPPOSITION**

13.     There is no dispute that the Orders that Raveendran seeks leave to appeal are interlocutory. *See* Adv. D.I. 154-1 at 4 ("Mr Raveendran requests that this Court consider this exceptional appeal on an interlocutory basis and reverse and/or remand the [MTD] Order"); Adv. D.I. 156-1 at 4 ("Mr. Raveendran requests that this Court consider this exceptional appeal on an interlocutory basis and reverse and/or remand the [Reconsideration] Order.").

14. Under 28 U.S.C. § 158(a)(3), this Court has jurisdiction to hear appeals from interlocutory orders of the Bankruptcy Court. Section 158(a)(3) does not identify the standard district courts should use in deciding whether to grant such an interlocutory appeal. "Typically, however, district courts follow the standards set forth under 28 U.S.C. § 1292(b), which governs interlocutory appeals from a district court to a court of appeals." *In re AE Liquidation, Inc.*, 451 B.R. 343, 346 (D. Del. 2011).

15. Under section 1292(b), an interlocutory appeal is permitted only where the order at issue (1) involves a controlling question of law upon which there is (2) substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). "Section 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, **hen's-teeth rare**." *Camacho v. P.R. Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004) (emphasis added). Thus, "[e]ntertaining review of an interlocutory order under § 1292(b) is appropriate only when the party seeking leave to appeal 'establishes exceptional circumstances [to] justify a departure from the basic policy of postponing review until after the entry of a final judgment.'" *PAH Litig. Trust v. Water Street Healthcare Partners L.P. (In re Physiotherapy Holdings, Inc.)*, 2017 WL 6524524, at *5 (D. Del. Dec. 21, 2017) (quoting *In re Del. And Hudson Ry. Co.*, 96 B.R. 469, 473 (D. Del. 1989), *aff'd* 884 F.2d 1383 (3d Cir. 1989)). "In part, this stems from the fact that piecemeal litigation is generally disfavored in the Third Circuit." *PAH Litig. Trust*, 2017 WL 6524524, at *5 (internal quotation marks omitted).

16. Raveendran has not come close to establishing exceptional circumstances warranting departure from the basic policy of postponing appellate review until after entry of a final judgment.

### A. Raveendran Failed To Identify Controlling Questions Of Law

None of the questions Raveendran present are controlling questions of law, as they ***must be*** for certification. *See* 28 U.S.C. § 1292(b). Such questions usually involve "a question of the meaning of statutory or constitutional provision, regulation, or common law doctrine[.]" *Ahrenholz v. Bd. of Tr. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000). As Judge Posner has explained, section 1292(b) is meant for a "pure" or "abstract legal issue" that "the [appellate court] could decide quickly and cleanly without having to study the record." *Id.* at 676-77. "The term 'question of law' does not mean the application of settled law to fact." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004). In fact, "[t]he legal question must be stated at a high enough level of abstraction to lift the question out of the details of the … facts of a particular case and give it general relevance to other cases in the same area of law." *Id.* at 1259. This excludes many questions that might ordinarily be considered issues of law from section 1292(b)'s ambit—for example, "the question of the meaning of a contract, though technically a question of law … is not what the framers of section 1292(b) had in mind." *Ahrenholz*, 219 F.3d at 676 (emphasis added).

17. Here, Raveendran's questions presented for appeal (which are identical in both Motions), are specific to matters relating to service of him specifically, the Bankruptcy Court's personal jurisdiction over him, and his status as CEO of the Debtor. Thus, they are mired in the factual details specific to this case. "The antithesis of a proper § 1292(b) appeal is one that turns on… whether the district court properly applied settled law to the facts … of a particular case." *McFarlin*, 381 F.3d at 1259.

### B. There Is Not Substantial Ground For Difference Of Opinion On The Carefully Considered (And Proper) Court Rulings In This Particular Case

18. Even if Raveendran somehow identified a proper controlling question of law (he did not), he does not even attempt to identify any potential difference of opinion relating to them. This element of the section 1292(b)(2) analysis "calls for more than mere disagreement with the ruling of the bankruptcy court." *PAH Litig. Trust*, 2017 WL 6524524, at *6. The difference of opinion "must arise out of a genuine doubt as the correct legal standard." *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 208 (D.N.J. 1996), *aff'd* 141 F.3d 1154 (3d. Cir. 1998). Raveendran cites to absolutely no authority to even raise the specter of there being a substantial ground for difference of opinion on the Bankruptcy Court's application of law to the facts of this case.

### C. Immediate Appeal Will Not Materially Advance Litigation, And Will Undermine Judicial Efficiency

19. Immediate appeal of the two Orders will not advance the termination of his litigation. As an initial matter, while Raveendran is seeking to appeal the Reconsideration Order, he has never filed an appeal of the underlying Contempt Order.

20. More importantly, the Bankruptcy Court has issued the Default Opinion granting Plaintiffs' Default Motion against Raveendran, but has not yet entered the final judgment order pending the parties' briefing regarding damages. Raveendran is all but certain to appeal that Forthcoming Default Order—which will be a final order—once it is entered. And based upon his opposition to the Plaintiffs' Default Motion (Adv. D.I. 121), it is clear that the issues that will be raised in that anticipated appeal—namely, questions of service and personal jurisdiction—will overlap significantly with the questions presented in Raveendran's appeal of the MTD Order and Reconsideration Order. Under these circumstances, an immediate appeal of these Orders would only promote piecemeal litigation—one of the very reasons behind courts' reluctance to review interlocutory orders. *See In re White Beauty View, Inc.*, 841 F.2d 524, 526 (citing "the general

antipathy towards piecemeal appeals" in the context interlocutory orders in adversary proceedings).

## CONCLUSION

WHEREAS, for the foregoing reasons, Plaintiffs respectfully request the Court deny the Motions.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>December 18, 2025 | **YOUNG CONAWAY STARGATT &<br>TAYLOR, LLP**<br><br>/s/ *Kenneth J. Enos*<br>Robert S. Brady (Del. No. 2847)<br>Kenneth J. Enos (Del. No. 4544)<br>Jared W. Kochenash (Del. No. 6557)<br>Timothy R. Powell (Del. No. 6894)<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>rbrady@ycst.com<br>kenos@ycst.com<br>jkochenash@ycst.com<br>tpowell@ycst.com<br><br>**QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP**<br>Benjamin Finestone (admitted *pro hac vice*)<br>Kate Scherling (admitted *pro hac vice*)<br>Jordan Nakdimon (admitted *pro hac vice*)<br>295 Fifth Ave.<br>New York, New York 10016<br>Tel.: (212) 849 7000<br>benjaminfinestone@quinnemanuel.com<br>katescherling@quinnemanuel.com<br>jordannakdimon@quinnemanuel.com<br><br>*Counsel for Debtor, BYJU's Alpha, Inc.* |

Dated: December 18, 2025
Wilmington, Delaware

| | |
|---|---|
| /s/ *Peter J. Keane*<br>**PACHULSKI STANG ZIEHL & JONES LLP**<br>Laura Davis Jones (DE Bar No. 2436)<br>Peter J. Keane (DE Bar No. 5503)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19801<br>Telephone: (302) 652-4100<br>Email: ljones@pszjlaw.com<br>pkeane@pszjlaw.com<br><br>**REED SMITH LLP**<br>David A. Pisciotta (admitted *pro hac vice*)<br>Nicholas B. Vislocky (admitted *pro hac vice*)<br><br>599 Lexington Avenue, 22nd Floor<br>New York, New York 10022<br>Telephone: (212) 521-5400<br>Facsimile: (212) 521-5450<br>Email: dpisciotta@reedsmith.com<br>nvislocky@reedsmith.com | **KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Patrick J. Nash Jr., P.C. (admitted *pro hac vice*)<br>Richard U.S. Howell, P.C. (admitted *pro hac vice*)<br>Ravi Subramanian Shankar (admitted *pro hac vice*)<br>333 West Wolf Point Plaza<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br>Email: patrick.nash@kirkland.com<br>rhowell@kirkland.com<br>ravi.shankar@kirkland.com<br><br>-and-<br><br>Brian Schartz, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>Email: brian.schartz@kirkland.com<br><br>*Counsel to GLAS Trust Company LLC* |