IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE BYJU'S ALPHA, INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Bankr. No. 24-10140 (BLS) |
| | ) | |
| BYJU's ALPHA, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | Adv. No. 25-50526 (BLS) |
| v. | ) | |
| | ) | |
| BYJU RAVEENDRAN, DIVYA | ) | |
| GOKULNATH, and ANITA KISHORE, | ) | |
| | ) | Misc. No. 25-498 (MN) |
| Defendants. | ) | Misc. No. 25-500 (MN) |

## <u>MEMORANDUM OPINION</u>

Robert S. Brady, Kenneth J. Enos, Jared W. Kochenash, Timothy R. Powell, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, DE; Benjamin Finestone, Kate Scherling, Jordan Nakdimon, QUINN EMANUEL URQUHART & SULLIVAN, LLP, New York, NY – Attorneys for DYJU's Alpha, Inc.

Lauran Davis Jones, Peter J. Keane, PACHULSKI, STANG ZIEHL & JONES LLP, Wilmington, DE; David A. Pisciotta, Nicholas B. Vislocky, REED SMITH LLP, New York, NY; Patrick J. Nash, Jr., P.C., Richard U.S. Howell, P.C. Ravi Subramanian Shankar, KIRKLAND & ELLIS LLP, KIRKLAND & ELLIS INTERNATIONAL LLP, Chicago, IL; Brian Schartz, P.C., KIRKLAND & ELLIS LLP, New York, NY – Attorneys for GLAS Trust Company LLC

Daniel P. Hagelberg, O'KELLY & O'ROURKE, LLC, Wilmington, DE; Matthew E. Draper, DRAPER & DRAPER LLC, New York, NY – Attorneys for Defendant Byju Raveendran

July 31, 2026
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE**

This dispute arises out of the chapter 11 cases of BYJU's Alpha, Inc. ("the Debtor") in connection with an adversary proceeding ("the Adversary Proceeding")[1] brought by plaintiff BYJU's Alpha, Inc. ("the Debtor") and plaintiff-intervenor GLAS Trust Company LLC ("GLAS," and with the Debtor, "the Plaintiffs"), against its former officers and directors Byju Raveendran, Divya Gokulnath, and Anita Kishore ("the Defendants") as part of the Debtor's "ongoing efforts to unravel a series of fraudulent transfers that stripped the Debtor of its assets, including funds in the amount of $533 million, by placing those assets beyond the reach of the Debtor and its creditors and concealing their whereabouts." (Adv. D.I. 140 at 1). The Bankruptcy Court previously issued a ruling, in a separate adversary proceeding that granted partial summary judgment on claims of actual fraudulent transfer.[2] This Adversary Proceeding was filed by the Debtor "to hold three powerful BYJU's executives accountable for having purposefully caused the Debtor to fraudulently transfer an asset valued at over half a billion dollars for no consideration." (Adv. D.I. 1 (redacted), Adv. D.I. 2 (sealed) ("the Complaint") ¶ 1).

Before the Court are two motions[3] by defendant Byju Raveendran ("Raveendran") seeking leave to appeal two interlocutory orders issued in the Adversary Proceeding: (1) an interlocutory order denying his motion to dismiss the Complaint (Adv. D.I. 141, as amended by Adv. D.I. 166) ("the MTD Order"),[4] and (2) an interlocutory order denying his motion to reconsider an order of

---

[1]   *Byju's Alpha Inc. v. Byju Raveendran, et al. (In re Byju's Alpha, Inc.)*, Adv. Pro. No. 25-50526 (BLS) (Bankr. D. Del.)

[2]   *Byju's Alpha Inc. v. Camshaft Cap. Fund L.P. (In re Byju's Alpha, Inc.),* Adv. Pro. No. 24-50013 (BLS), D.I. 383 (Bankr. D. Del. Feb. 27, 2025) ("MSJ Mem. Op.").

[3]   Misc, No. 25-498 (MN), D.I. 1; Misc. No. 25-500 (MN), D.I. 1 (together, "the Motions for Leave to Appeal").

[4]   *See* Misc. No. 25-mc-498 (MN), D.I. 1.

civil contempt entered against him based on his repeated violations of the Bankruptcy Court's discovery orders (Adv. D.I. 142) ("the Reconsideration Order").[5]  For the reasons set forth herein, the Motions for Leave to Appeal the interlocutory MTD Order and Reconsideration Order will be denied.

## I.    BACKGROUND

On April 9, 2025, Plaintiffs filed the Complaint and issued the summons.  (Adv. D.I. 1). On April 18, 2025, the Debtor filed an Emergency Motion for Limited Expedited Discovery (Adv. D.I. 7) ("the Discovery Motion") seeking discovery from Raveendran.  The Bankruptcy Court granted the Discovery Motion over Raveendran's objection challenging service and timing of discovery (but not personal jurisdiction), finding service was proper while preserving Raveendran's later right to raise the issue on a Rule 12 motion to dismiss.  On May 9, 2025, the Bankruptcy Court entered the order setting expedited discovery deadlines (Adv. D.I. 25) ("the Discovery Order").

Raveendran sought a 30-day extension of time to comply with the discovery deadlines on the basis that he was unable to find counsel.  The Bankruptcy Court extended the deadlines by one week until May 30, 2025 (written response deadline) and June 6, 2025 (production deadline) and set a further status conference for June 9, 2025.  (Adv. D.I. 34).  Raveendran did not comply with the extended deadlines.  Plaintiffs filed a motion to hold Raveendran in contempt of court on June 17, 2025 (Adv. D.I. 45) ("the Contempt Motion").  On June 20, 2025, the Court issued an Order to Show Cause (Adv. D.I. 47) scheduling an evidentiary hearing for June 30, 2025 ("the Show Cause Hearing").  The Order to Show Cause required Raveendran to appear in person or

---

[5]    *See* Misc. No. 25-mc-500 (MN), D.I. 1.

virtually and show cause why he should not be held in civil contempt of court for failure to comply with the Discovery Order.

Raveendran did not appear at the Show Cause Hearing, but his counsel appeared and presented oral argument. At the conclusion of the hearing, the Bankruptcy Court granted the Contempt Motion. The Bankruptcy Court determined that it had personal jurisdiction over Raveendran, that service was proper and ultimately held Raveendran in civil contempt.

On July 7, 2025, the Bankruptcy Court entered an order directing Raveendran to immediately comply with the Discovery Order, holding Raveendran in contempt and ordering that Raveendran remit to the Clerk of Court the sum of $10,000 for each day he remained in contempt of the Discovery Order (Adv. D.I. 66) ("the Contempt Order"). Raveendran filed a Motion to Reconsider Order of Contempt (Adv. D.I. 69) ("the Reconsideration Motion") on July 14, 2025.

Although his response to the Complaint was due on May 9, 2025, Raveendran filed a Motion to Dismiss the Complaint (Adv. D.I. 77, 78, 79) ("the Motion to Dismiss") on July 25 and 26, 2025, arguing improper service, lack of personal jurisdiction and failure to state valid claims against him. A hearing on the Motion to Dismiss and Reconsideration Motion was held on September 9, 2025.

Based on continuing violations of his discovery obligations, on August 11, 2025, Plaintiffs filed a Motion Pursuant to Federal Rule of Bankruptcy Procedure 7037 and Federal Rule of Civil Procedure 37(b)(2)(A)(vi) for Default against Defendant Byju Raveendran (Adv. D.I. 97 (sealed), Adv. D.I. 102 (redacted)) ("the Motion for Default Judgment"). Raveendran filed his opposition on August 26, 2025 (Adv. D.I. 121), again arguing, among other things, the Bankruptcy Court's lack of personal jurisdiction. A hearing on the Motion for Default Judgment was held on September 29, 2025.

On November 20, 2025, the Bankruptcy Court issued the MTD Order and accompanying opinion (Adv. D.I. 140) denying Raveendran's Motion to Dismiss, along with the Reconsideration Order and denying Raveendran's Reconsideration Motion.

Also on November 20, 2025, the Bankruptcy Court issued an opinion granting Plaintiffs' Motion for Default Judgment (Adv. D.I. 143) ("the Default Opinion").

On December 8, 2025, the Court entered an amended version of the MTD Order (Adv. D.I. 166), still denying Raveendran's Motion to Dismiss, and an amended Default Opinion (Adv. D.I. 167), stating that "the Court will enter a default judgment against Defendant Raveendran." Also on December 8, 2025, the Bankruptcy Court issued an order directing the parties to "submit simultaneous briefing addressing their respective positions on the issue of damages in connection with the default judgment, including proposed forms of judgment order, on January 7, 2026." (Adv. D.I. 164).

On December 8, 2025, Raveendran filed his Motions for Leave to Appeal the interlocutory MTD Order and Reconsideration Order.  On December 18, 2025, Plaintiffs filed their omnibus opposition to the Motions for Leave to Appeal.  (*See* Misc. No. 25-498 (MN), D.I. 2; Misc. No. 25-500 (MN), D.I. 2) ("the Opposition").  The Opposition argues, among other things, that (1) there is no dispute that both the MTD Order and Reconsideration Order are interlocutory, (2) Raveendran failed to carry his burden of persuading this Court under 28 U.S.C. § 1292(b) that it should depart from the standard policy of postponing appellate review until after the entry of a final judgment, and (3) "the Forthcoming Default Order, unlike the MTD Order and the Reconsideration Order, *would* be a final order," which is appealable as of right.  (*See* D.I. 2 at 1-2).

On March 19, 2026, the Bankruptcy Court issued its Judgment Order (Adv. D.I. 204), holding that "Raveendran is liable to Plaintiffs in the amount of $714,544,223.60 as of January 21, 2026, as well as the post-judgment interest and additional costs," and further providing that "[t]he terms and conditions of this Judgment Order shall be immediately effective and enforceable upon its entry, notwithstanding any provision in the Bankruptcy Rules or Local Rules to the contrary, and Plaintiffs may, in their discretion and without further delay, take any action and perform any act under this Judgment Order." (*Id.* ¶¶ 10-11).

On April 2, 2026, Raveendran filed a Notice of Appeal with respect to the Judgment Order, the Default Opinion and all other "interlocutory decrees, decisions, opinions, orders and rulings that have been merged into or form part of the above [Default] Opinion . . . and Judgment [Order], and any and all orders, judgments, decrees, decisions, rulings, opinions and filings that may subsequently be entered relating to or concerning" those rulings and orders. (*See* Adv. D.I. 207).

## II.    **JURISDICTION AND STANDARD OF REVIEW**

There is no dispute that the MTD Order and Reconsideration Order are interlocutory. (*See* Misc. No. 25-498 (MN), D.I. 1 at 4 ("Mr. Raveendran requests that this Court consider this exceptional appeal on an interlocutory basis and reverse and/or remand the [MTD] Order"); Misc. No. 25-500 (MN), D.I. 1 at 4 ("Mr. Raveendran requests that this Court consider this exceptional appeal on an interlocutory basis and reverse and/or remand the [Reconsideration] Order.")).

This Court has jurisdiction to hear appeals "with leave of the court, from . . . interlocutory orders and decrees of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(3). Section 158(a) does not identify the standard district courts should use in deciding whether to grant such an interlocutory appeal. *See id.* "Typically, however, district courts follow the standards set forth under 28 U.S.C.

5

§ 1292(b), which govern interlocutory appeals from a district court to a court of appeals." *In re AE Liquidation, Inc.*, 451 B.R. 343, 346 (D. Del. 2011).[6]

Under the standards of §1292(b), an interlocutory appeal is permitted only when the order at issue (1) involves a controlling question of law upon which there is (2) substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). Entertaining review of an interlocutory order under § 1292(b) is appropriate only when the party seeking leave to appeal "establishes exceptional circumstances [to] justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re Del. and Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del. 1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989). In part, this stems from the fact that "[p]iecemeal litigation is generally disfavored by the Third Circuit." *In re SemCrude, L.P.*, 2010 WL 4537921, at *2 (D. Del. Oct. 26, 2010) (citing *In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988)). Further, leave for interlocutory appeal may be denied for "entirely unrelated reasons such as the state of the appellate docket or the desire to have a full record before considering the disputed legal issue." *Katz*, 496 F.2d at 754.

## III.    ANALYSIS

A final, appealable Judgment Order has been entered in the Adversary Proceeding, and Raveendran's appeal of that Judgment Order is already pending before the Court (C.A. No. 26-375 (MN), D.I. 1) ("the Judgment Order Appeal"). As the Judgment Order Appeal includes the merged interlocutory MTD Order and Reconsideration Order, which are the subject of

---

[6]    *See also In re Philadelphia Newspapers, LLC,* 418 B.R. 548, 556 (E.D. Pa. 2009) ("Based upon the decision of the Third Circuit in *Bertoli v. D'Avella (In re Bertoli)*, 812 F.2d 136, 139 (3d Cir. 1987), courts within this Circuit confronted with the decision whether to grant leave to allow an interlocutory appeal are informed by the criteria in 28 U.S.C. § 1292(b)").

Raveendran's Motions to Leave to Appeal, the Motions for Leave to Appeal should be denied as moot. Even if the Motions for Leave to Appeal were not moot, however, Raveendran has failed to establish that leave to appeal either of those interlocutory orders is warranted.

### A.    Controlling Question of Law

"A controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal." *Katz*, 496 F.2d at 755. "'[C]ontrolling' means serious to the conduct of the litigation, either practically or legally. And on the practical level, saving of time of the district court and of the expense of the litigants [has been] deemed . . . to be a highly relevant factor." *In re Boy Scouts of Am.*, 2021 WL 1174573, * 4 (D. Del. Mar. 29, 2021) (quoting *Katz*, 496 F.2d at 755). Courts have cautioned that a controlling question of law must refer to a question of law that the reviewing court "'could decide quickly and cleanly without having to study the record.'" *In re Worldcom, Inc.*, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003) (quoting *Ahrenholz v. Bd. of Tr. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)).

Raveendran presents the following three questions (identical in both Motions for Leave to Appeal): whether the Bankruptcy Court erred by (1) holding that Mr. Raveendran was the CEO of Debtor and could be served under the Delaware Officer Consent Statute, 10 Del. C. § 3114; (2) holding that Raveendran, who is neither a US resident or citizen, was properly served the Complaint and Summons in the United Arab Emirates under Rule 4(f)(2) because Plaintiffs' "substantially complied" with service under UAE law when they sent the service documents by text message; and (3) holding that Raveendran is subject to the personal jurisdiction of the Bankruptcy Court because: (i) he was one of six directors of the board of an Indian company ("T&L") that wholly-owned a Singapore company, with its own board and independent directors, which in turned owned Debtor, (ii) in a separate adversary proceeding, a former director of the Debtor testified that he had been directed to engage in a 2023 transaction by T&L, and (iii) the

Complaint contains only one particularized allegation of an act committed by Raveendran relevant under a jurisdictional contacts analysis.

None of these questions are controlling questions of law, as they must be for certification. *See* 28 U.S.C. § 1292(b). Such questions usually involve "a question of the meaning of statutory or constitutional provision, regulation, or common law doctrine[.]" *Ahrenholz,* 219 F.3d at 676. Section 1292(b) is meant for a "pure" or "abstract legal issue" that "the [appellate court] could decide quickly and cleanly without having to study the record." *Id.* at 676-77. "The term 'question of law' does not mean the application of settled law to fact." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004). In fact, "[t]he legal question must be stated at a high enough level of abstraction to lift the question out of the details of the . . . facts of a particular case and give it general relevance to other cases in the same area of law." *Id.* at 1259. This excludes many questions that might ordinarily be considered issues of law from section 1292(b)'s ambit – for example, "the question of the meaning of a contract, though technically a question of law . . . is not what the framers of section 1292(b) had in mind." *Ahrenholz*, 219 F.3d at 676.

Here, the questions presented for appeal are specific to matters relating to service of Raveendran, specifically, the Bankruptcy Court's personal jurisdiction over him, and his status as CEO of the Debtor. Thus, the questions are mired in the factual details specific to this case. "The antithesis of a proper § 1292(b) appeal is one that turns on . . . whether the district court properly applied settled law to the facts . . . of a particular case." *McFarlin*, 381 F.3d at 1259.

**B.** **Substantial Ground for Difference of Opinion as to its Correctness**

"The 'controlling question of law' also must be one as to which there is 'substantial ground for difference of opinion.'" *In re Boy Scouts of Am.,* 2021 WL 1174573 at *4 (citing 28 U.S.C. § 1292(b)). Even if Raveendran had identified a controlling question of law, his brief does not identify any potential difference of opinion relating to them. This element of the section

8

1292(b)(2) analysis "calls for more than mere disagreement with the ruling of the bankruptcy court." *PAH Litig. Trust v. Water Street Healthcare Partners, L.P. (In re Physiotherapy Holdings, Inc.),* 2017 WL 6524524, at *6 (D. Del. Dec. 21, 2017).  "To satisfy this standard, 'the difference of opinion must arise out of a genuine doubt as the correct legal standard.'"  *Id.* (quoting *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 208 (D.N.J. 1996), *aff'd* 141 F.3d 1154 (3d. Cir. 1998)).  Indeed, Raveendran cites to no authorities in support of his challenge to the Bankruptcy Court's rulings, let alone one that would demonstrate a substantial ground for difference of opinion as to the Bankruptcy Court's application of law to the facts of this case.  (*See* Misc. No. 25-498, D.I. 1).

###### C.　　Material Advancement of the Ultimate Termination of the Litigation

Of the three factors for interlocutory appeal under § 1292(b), "courts place particular weight on whether immediate appeal will materially advance the ultimate termination of the litigation." *In re Paragon Offshore PLC*, 2020 WL 1815550, at *3 (D. Del. Apr. 9, 2020) (quoting *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 531 (S.D.N.Y. 2017) (internal alterations omitted)).  An interlocutory appeal "materially advances" the litigation if it would "(1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Id*.

Raveendran has appealed the Judgment Order, and the issues to be raised in the Judgment Order Appeal – namely, questions of service and personal jurisdiction – will overlap significantly with the questions presented in Raveendran's appeal of the MTD Order and Reconsideration Order.  Under these circumstances, an immediate appeal of these Orders would only promote piecemeal litigation – one of the reasons behind courts' reluctance to review interlocutory orders. *See In re White Beauty View, Inc.*, 841 F.2d at 526 (citing "the general antipathy towards piecemeal appeals" in the context interlocutory orders in adversary proceedings).

## IV.    <u>CONCLUSION</u>

For the reasons explained above, the Court will deny Raveendran's Motions for Leave to appeal.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE BYJU'S ALPHA, INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Bankr. No. 24-10140 (BLS) |
| | ) | |
| BYJU's ALPHA, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | Adv. No. 25-50526 (BLS) |
| v. | ) | |
| | ) | |
| BYJU RAVEENDRAN, DIVYA | ) | |
| GOKULNATH, and ANITA KISHORE, | ) | |
| | ) | Misc. No. 25-498 (MN) |
| Defendants. | ) | Misc. No. 25-500 (MN) |

## ORDER

At Wilmington, this 31st day of July 2026;

For the reasons set forth in the accompanying Memorandum Opinion issued on this date,

IT IS HEREBY ORDERED that:

1.      The Motions for Leave to Appeal Interlocutory Order (Misc. No. 25-498 (MN),
D.I. 1; Misc. No. 25-500 (MN), D.I. 1) are each DENIED.

2.      The Clerk is DIRECTED to CLOSE Misc. Nos. 25-498 (MN) and 25-500 (MN).

_____
The Honorable Maryellen Noreika
United States District Judge